-1|s 21

BRIAN CORNTASSEL
20872 Hunter Lane
Huntington Beach, California 92646

Telephone: (714) 794-7769

Plaintiff in Pro Se

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 23 2021

CENTRAL DISTRICT OF CALIFORNIA
BY ___DVE___ DEPUTY

Fee Paid

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CORNTASSEL,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF HUNTINGTON BEACH,<br>HUNTINGTON BEACH POLICE<br>DEPARTMENT, OFFICER SEAN<br>EASTON, OFFICER SCOTT<br>KANSAKU, DOES 1 through<br>8, inclusive,<br>          Defendants. | No. 8:21-cv-01094-PA (E)<br><br>COMPLAINT FOR DAMAGES<br><br>1. Violation of Civil Rights –<br>   Force Under Color of Law, 42 U.S.C.<br>   § 1983<br>2. Municipal Liability – Unlawful<br>   Custom, Policy, Practice, Training,<br>   and Supervision – 42 U.S.C. §1983<br>3. Assault/Battery<br>4. Negligence<br>5. Violation of Bane Act (Ca. Civ. Code<br>   §52.1)<br>6. Unreasonable and Excessive Force<br>   42 U.S.C. §1983 |

COMPLAINT FOR DAMAGES

COMES NOW plaintiff, BRIAN CORNTASSEL, for his complaint against City of Huntington Beach, Huntington Beach Police Department, Officer Sean Easton, Officer Scott Kansaku and DOES 1 - 8, inclusive, and alleges as follows:

JURISDICTION AND VENUE

1. This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C.

-1-

COMPLAINT FOR DAMAGES

§1983 and the Fourth and Fourteenth Amendment of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with assault, battery, use of excessive force, inflicted upon plaintiff BRIAN CORNTASSEL.

### PARTIES

4. At all relevant times. Plaintiff BRIAN CORNTASSEL resided in Orange County.

5. At all relevant times, Defendant CITY OF HUNTINGTON BEACH is and was a duly organized public entity, form unknown, existing under the laws of the State of California. CITY OF HUNTINGTON BEACH is a chartered subdivision of the State of California and County of Orange with the capacity to be sued. CITY OF HUNTINGTON BEACH is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the HUNTINGTON BEACH POLICE DEPARTMENT.

6. At all relevant times, Defendant CITY OF HUNTINGTON BEACH was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of it police department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant

times, CITY OF HUNTINGTON BEACH was the employer of Defendant DOES 1 - 8.

7. Defendant OFFICER SEAN EASTON is an officer for the Huntington Beach Police Department and was acting under color of state law in the course and scope of his employment when he violated the rights of Plaintiff and was acting with the complete authority and ratification of his principal, Defendant CITY OF HUNTINGTON BEACH.

8. Defendant OFFICER SCOTT KANSAKU is an officer for the Huntington Beach Police Department and was acting under color of state law in the course and scope of his employment when he violated the rights of Plaintiff and was acting with the complete authority and ratification of his principal, Defendant CITY OF HUNTINGTON BEACH.

9. Defendants DOES 1 - 4 were at all relevant times herein employees and officers for the CITY OF HUNTINGTON BEACH. At the time of the incident, DOES 1 - 4 were acting under color of state law within the course and scope of their duties as officers for the CITY OF HUNTINGTON BEACH. DOES 1 - 4 were acting with the complete authority and ratification of their principal, Defendant CITY OF HUNTINGTON BEACH. EASTON, KANSAKU, and DOES 1 - 4 are collectively referred to herein as "OFFICER DEFENDANTS".

10. Defendants DOES 5-8 are supervisory officers and/or policy makers for the CITY OF HUNTINGTON BEACH who were acting under color of state law within the course and scope of their duties. DOES 5-8 were acting with the complete authority and ratification of their principal, DEFENDANT CITY OF HUNTINGTON BEACH.

-3-

COMPLAINT FOR DAMAGES

11. Defendants SEAN EASTON, SCOTT KANSAKU, and DOES 1-8 are sued in their individual capacities.

12. The true names and capacities of DOES 1-8 are unknown to Plaintiff who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13. This is an action for damages and such other and further relief as may be consistent with state and federal law, to redress violations of the Plaintiff's rights protected by the United States Constitution, by persons acting under color of state law.

14. At all times mentioned herein, each and every separate Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

15. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained herein.

16. On or about November 9, 2020, Plaintiff timely served a comprehensive claim for damages with the City of Huntington Beach pursuant to applicable sections of the California Government Code including §910.4. On December 24, 2020 the City rejected these

-4-

claims.

## FACTS

### The Physical Altercation

17. Plaintiff repeats and re-alleges each and every allegation in paragraohs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. On May 10, 2020 Plaintiff was at his home located at 20872 Hunter Lane in Huntington Beach, California.

19. At the time, Plaintiff and his wife had separated and this date was a pre-arranged date between them for her to remove her property from the premises.

20. Plaintiff's wife had brought with her some friends to help her move the items.

21. While Plaintiff was away from the premises and when no threats had been made, Plaintiff's wife called the Huntington Beach Police Department to make a report of domestic violence.

22. When Officer Easton arrived and interview the wife, he determined that what was described to him had occurred in the past and would be misdemeanor charges at the most. Being misdemeanor charges, he explained to the wife that she would have to request prosecution and she declined to do so.

23. Despite this declination Easton and other officers remained in the area to monitor the distribution of the property which was clearly a civil matter that Easton acknowledged in subsequent discussion with the plaintiff.

24. At some point in time while speaking with plaintiff, he objected to Easton about an object being taken, specifically a toaster, and Easton told him they would have to work it out in

-5-

1. court.

25. Shortly thereafter, another item that Plaintiff identified as belonging to him was being taken by the wife's friend and Plaintiff tried to approach the individual to tell him not to take that item.

26. At that point in time Officer EASTON stepped in front of Plaintiff impeding his pathway and when they made contact EASTON immediately physically took plaintiff to the ground with the assistance of KANSAKU.

27. While on the ground EASTON applied a vascular neck restraint on Plaintiff breaking his neck.

28. Thereafter, Plaintiff was charged with violations of Penal Code Section 69; Penal Code Section 243 (B), Penal Code Section 243 (E)(1), and Vehicle Code Section 23152(A).

### FIRST CLAIM FOR RELIEF

(Violation of Civil Rights - Excessive Force

Under Color of Law 42 U.S.C. §1983; Plaintiff

BRIAN CORNTASSEL against DEFENDANTS EASTON AND KANSAKU)

29. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 though 28 of this Complaint with the same force and effect as if fully set forth herein.

30. All actions alleged herein were undertaken by Defendant EASTON as a police officer under color of state law.

31. All actions alleged herein were undertaken by Defendant KANSAKU as a police officer under color of state law.

32. Defendants' use of force was both excessive and unreasonable under the circumstances. Plaintiff had the right under the Fourth and Fourteenth Amendments of the United States

-6-

Constitution to be free from excessive force while being detained and/or arrested by Defendants EASTON and KANSAKU.

33. On May 10, 2020, Defendant EASTON and KANSAKU intentionally restrained Plaintiff unnecessarily throwing him and pinning him to the ground and imposing violent and prolonged compression on his neck, causing him great bodily injury and suffering.

34. The force applied to Plaintiff by Defendants EASTON and KANSAKU was in excess of the amount of force a reasonable police officer would have used under similar circumstances.

35. The acts and omissions of Defendants EASTON and KANSAKU violated the rights of Plaintiff under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force while being detained or arrested.

36. The conduct of Defendants EASTON and KANSAKU was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrents imposition of exemplary and punitive damages.

37. Plaintiff also seeks attorney fees under this claim.

### SECOND CLAIM FOR RELIEF

(Unlawful Custom, Policy, Practice, Training and Supervision - 42 U.S.C. §1983; Plaintiff against Defendants CITY OF HUNTINGTON BEACH, HUNTINGTON BEACH POLICE DEPARTMENT)

38. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39. The training policies of Defendants CITY OF HUNTINGTON

BEACH and HUNTINGTON BEACH POLICE DEPARTMENT with respect to the vascular neck restraint control hold were not adequate to prevent violations of law by its employees, and defendants CITY OF HUNTINGTON BEACH, and HUNTINGTON BEACH POLICE DEPARTMENT did not train its officers with respect to the control hold to handle the usual and recurring situations with which they must deal. This includes but is not limited to:

a. Permitting CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT officers to use vascular neck restraint control hold, a hold that can be fatal, while, at the same time, failing to adequately train CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT officers how and when to properly deploy and apply the vascular neck restraint control hold.

b. Allowing its deputies to use the vascular neck restraint hold while, at the same time, failing to adequately train its officers to recognize signs of medical issues that could be caused during application of the vascular neck restraint hold.

c. Failing to adequately supervise and control CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT deputies known, or who reasonably should have been known, to be using unnecessary or excessive force.

40. The training policies of Defendants CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT with respect to interviewing witnesses were not adequate to prevent violations of law by its employees, and defendants CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT'S did not train its officers with respect to such recurring situation with which they must deal. This includes but is not limited to:

      a. Detaining and arresting persons without probable cause.

      b. Remaining at the scene of a civil dispute between citizens without the necessity for doing so.

      41. Defendants CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT were deliberately indifferent to the substantial risk that its vascular neck restraint control hold policies regarding control hold/pain compliance techniques and vascular neck restraint control hold, were inadequate to prevent violations of law by its employees, and to the known or obvious consequences of its failure to adequately train its officers with respect to the vascular neck restraint control hold.

      42. The failure of defendants CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT to prevent violations of law by its employees, and to provide adequate training, caused the deprivation of Plaintiff's rights by defendants EASTON and KANSAKU; that is, the defendants' failure to adequately train and prevent violations by law by its employees is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

      43. The policies of defendants CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT to adequately train their police officers, and to inadequately supervise their police officers, amounted to a deliberate indifference to the predictable fact that these policies governing application of potentially serious injurious force would result in violation of rights accorded by Fourth and Fourteenth Amendments of the United States Constitution.

      44. Moveover, CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH

-9-

POLICE DEPARTMENT knew or should have known that the Civil Rights Division of the U.S. Department of Justice put the COUNTY OF ORANGE and ORANGE COUNTY SHERIFF'S DEPARTMENT on notice that such particular acts and/or omissions had the potential to result in the violation of constitutional rights in a letter dated March 4, 2014. Plaintiff is informed and believes that CITY OF HUNTINGTON BEACH and HUNTINGTON BEACH POLICE DEPARTMENT were well aware of this notice if they had not, in fact, received one from the Civil Rights Division directly.

45. By reason of the acts and omissions of defendants, plaintiff was required to and did retain an attorney to institute and prosecute the within action and to render legal assistance to plaintiff so that he may vindicate the loss and impairment of rights and by reason thereof, plaintiff requests payment by defendants of damages and a reasonable sum for attorneys' fees.

## THIRD CLAIM FOR RELIEF

(Assault/Battery against

Defendants EASTON and KANSAKU)

46. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. Defendants EASTON and KANSAKU, while working as police officers for CITY OF HUNTINGTON BEACH, and acting within the course and scope of their duties, intentionally and unnecessarily grabbed, beat, and violently compressed the neck of Plaintiff causing great bodily injury. These actions were an unreasonable use of force against Plaintiff, performed with a willful and conscious disregard of his rights and safety, to which he did not

-10-

consent and constituted battery against Plaintiff.

48. Defendants' assault and battery caused Plaintiff extreme pain and suffering.

49. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at trial.

50. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations.

## FOURTH CLAIM FOR RELIEF

(Negligence against all Defendants)

51. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52. Defendants owed a duty of care toward Plaintiff and were required to use reasonable diligence to ensure that plaintiff was not harmed by Defendants' acts or omissions.

53. Defendants actions and omissions were negligent and reckless, including but not limited to:

a. The assessment and tactical plan Defendants engaged in regarding all of the events that occurred on May 10, 2020.

b. The failure to recognize that the dispute in question was a civil matter in which police services should not be involved.

c. The unnecessary and dangerous physical engagement of

-11-

Plaintiff.

    d. The failure to properly assess the need to use force against Plaintiff.

    e. The unnecessary use of force against Plaintiff.

    f. The erroneous application of force against Plaintiff.

    g. The failure to properly evaluate employee qualifications and performance during hiring, retention, and assignment of its employees, including the individual defendants; and

    h. The failure to properly train, supervise, and discipline employees, including the individual defendants.

54. Defendants' conduct cause Plaintiff, without limitation, extreme pain and suffering, and loss of enjoyment of life.

55. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

### FIFTH CLAIM FOR RELIEF
(Violation of Bane Act - Ca. Civil Code §52.1
Against all Defendants)

56. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. As alleged herein, Defendants interfered by threats, intimidation, or coercion with Plaintiff's rights under state and federal laws and the state and federal constitution, including, without limitation, the right to be free from excessive force, unreasonable search and seizure, false arrest, the right to due proces, and the right to bodily integrity, including his rights

-12-

under Civil Code §43; Penal Code §§ 149, 240, and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7, and/or 13 of the California Constitution.

58. Defendants' conduct caused Plaintiff extreme pain and suffering.

59. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct or because they failed to intervene to prevent these violations.

60. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries, emotional distress, medical expenses, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

61. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at trial against individual defendants.

### REQUEST FOR RELIEF

WHEREBY Plaintiff requests the following relief as to all Defendants:

1. For compensatory damages in the amount to be proved at trial;

2. All medical expenses in the amount to be proven at trial;

3. For loss of earnings in the amount to be proven at trial;

4. For punitive damages according to proof for each individual defendant;

5. For attorney's fees, including litigation expenses;

6. For costs of suit; and

7. For any additional relief deemed proper by the court.

Dated: June 22, 2021

By: *[signature]*
BRIAN CORNTASSEL, IN PRO SE

-14-

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury in this action pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 22, 2021          By: _____
                                  BRYAN CORNTASSEL
                                  In Pro Per

-15-

COMPLAINT FOR DAMAGES